IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN DZIEKONSKI | * | |
|     Plaintiff | | |
| v. | * | CIVIL ACTION NO. PJM-14-3872 |
| DURKE G. THOMPSON, *et al*. | * | |
|     Defendant. | | |
| | ***** | |

**MEMORANDUM OPINION**

Plaintiff, a resident of North Bethesda, Maryland, filed this Complaint on December 12, 2014, taking issue with the handling of a civil matter he filed in the Circuit Court for Montgomery County, Maryland in August of 2014. He names as Defendants a state court judge and special master, along with members of the Office of Law of Montgomery County, the Montgomery County Council and the Montgomery County Department of Permitting Services. The Complaint invokes this Court's jurisdiction under Title I of the Americans with Disabilities Act, as well as various federal civil and criminal statutes.

Plaintiff has filed a Motion for Leave to Proceed In forma Pauperis and a Motion for Copy Work at the Government's Expense. ECF Nos. 2 & 3. He affirms that he and his wife have a joint monthly income of $10,883.00, own a home valued at $450,000.00 and a vehicle valued at $19,000.00, and maintain $3,500.00 in bank accounts. ECF No. 2. When the aforementioned asseverations are considered with his avowed monthly expenses of $4,393.00, the Count concludes that Plaintiff does not qualify for indigency status and his Motions shall be denied. In light of the dismissal ruling of this action, however, Plaintiff shall not be required to remit the $400.00 filing fee.

Plaintiff complains that in August of 2014, he filed a cause of action in the Circuit Court for

Montgomery County related to an alleged "crime" associated with the building of an addition to his home. He contends that his state court complaint was subject to a limited response and although he exercised his right to a jury trial and believed he would be afforded the opportunity to present his evidence, he was not provided his "right to a trial of peers." ECF No. 1 at pgs. 3-4. He asserts that the County Attorney 's motion was presented to the Circuit Court, granted without consideration of evidence, and his state court case was dismissed with prejudice. *Id*. at pgs. 4-5. Plaintiff complains that the Montgomery County judicial system "used the process of law against him," knowingly withheld evidence, and denied him his right to a jury trial. *Id*. at pg. 5-6. He "charges" Defendants with criminal violations and asserts that any award of immunity would constitute "irrefutable evidence" that the United States is conducting a "systematic campaign" against U. S. Veterans like him. Plaintiff also accuses the federal government of crimes and violating unspecified laws during federal shutdowns. *Id*. at pgs. 8-9. He asks the Court to "seize control" of the judicial, legislative, and executive branches of Montgomery County government until Defendants are tried for their crimes. *Id*. at pg. 9.

      The court is mindful of its obligation to liberally construe the pleadings of self-represented pro se litigants such as Plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Insofar, as he invoke this Court's 28 U.S.C. § 1343 civil rights jurisdiction, presumably under 42 U.S.C. § 1983, Plaintiff has failed to set out particularized claims showing how his civil rights were violated. He has, at best, challenged the State Circuit Court disposition of his case. Such an assertion does not provide an independent jurisdictional basis for filing suit against Defendants.

      To the extent that Plaintiff alleges that Defendants have violated several provisions of Article 18, the Court notes that, as a private citizen, Plaintiff lack a judicially cognizable interest in the prosecution or non-prosecution of Defendants for their alleged unlawful acts. *See Linda R.S. v.*

*Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). That power is invested exclusively in the executive branch. Therefore, Plaintiff's "criminal complaint" may not rest against Defendants or others.

Finally, to the extent that the state court matter has been resolved and Plaintiff is, for all intents and purposes, seeking review of that decision, this Court lacks appellate jurisdiction over its state counterpart under the *Rooker-Feldman* doctrine.[1] *See* 28 U.S.C. § 1257. Further, any state court decision is entitled to both issue and claim preclusive effect. *See* 28 U.S.C. § 1738, *Mira v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 84-86 (1984). Federal courts must give the state judgment the same effect as would the courts of the judgment state. Consequently, insofar as Plaintiff is seeking to re-file his concluded state court complaint, any state court judgment against Plaintiff bars him from seeking review over the matter in this Court. If Plaintiff disagrees with the decision of Judge Thompson, he may file a timely appeal in the State courts. Accordingly, the Complaint shall be dismissed.

                                                            /s/
                                        PETER J. MESSITTE
December 19, 2014                        UNITED STATES DISTRICT JUDGE

---

[1] The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rookery-Feldman* doctrine") that a United States District Court has no authority to review final judgments of a state court in judicial proceedings except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions. *See* 28 U.S.C. § 1257(a).